Turley, J.
delivered the opinion of the court.
This is an action' on the case; and the declaration contains a count in indebitatus assumpsit for the sum of one hundred dollars for the value of a carryall, which the defendant’s intestate, Robert F. Morgan, hired of the plaintiff, and never returned. The defendant pleaded nil debet, and the statute of limitations. The plaintiff replied, that the defendant’s intestate did, within three years next before the commencement of *495 tlie suit, promise in manner and form as he had declared against him. Upon the plea of nil debet', and the replication to the plea of the statute of limitations, there were issues.
Upon the trial, it was agreed, that the deposition of A. D. Ott should be read; from which it appeared, that some time between the year’s 1828 and 1835, Robert F. Morgan, the defendant’s intestate, hired of the plaintiff a carryall, for the purpose of going to McMinnville, and said that he would want it for a few days — but, he never returned. That Ott, the plaintiff, next heard of Morgan, (as he thinks) in the town of Nashville, in the summer or fall of the year 1845. That the plaintiff and witness went to Nashville to see Morgan, that plaintiff spoke to him about the carryall, and he acknowledged that he hired the carryall and never returned it; but, stated, that the man that was with him, had sold it without his consent, and that he was willing to pay one half of what it brought, which was twenty dollar’s, to which plaintiff replied, “that was poor compensation for a piece of property which cost him eighty dollars.” Morgan again said, he would pay ten dollars, upon which Ott requested the witness to write a receipt for ten dollars in part — to this Morgan objected, and refused to pay, unless he could get a receipt in full, and asked the plaintiff what he would take — who told him, what the carryall cost; upon which Morgan swore he would pay no such price: all of this conversation took place in the summer or fall of 1845. And the deposition further states, that the carryall was worth fifty dollars. There was no other proof in the case. The suit was commenced on the 5th day of May 1847.
It\was further agreed between the parties, that if upon this statement of facts, the law of the case upon the plea of the statute of limitations, was in the judgment of the court with the plaintiff, judgment should be rendered in his favor for fifty dollars and costs, but if‘for the defendant, then in his *496 favor for costs — and judgment was given for the defendant. From which the plaintiff appeals.
We think the judgment of‘the circuit court is correct.
The defendant’s intestate within three years, before the commencement of this suit, admitted a conversion of the carryall; but this is not an action for a conversion of it, and if it were, an admission of the conversion would not take the case from within the operation of the statute of limitations, because, it would be an action in form ex düicto; but this is an action of indebitatus assumpsit for one Hundred dollard, and the promise is charged to have been made in consideration of the conversion. Now, this promise to be obligatory, must have been made within three years before the commencement of the suit, either expressly or impliedly, or the case is barred by the statute of limitations, unless there have been, within three years, an express promise to pay the debt, for which the suit is brought, or an admission, that it was an existing debt still due. Belote, ex’r vs. Wynne, et als, 7 Yerg. 534, 10 Yerg. 406, Thompson vs. French. Now, though a conversion of. the carryall within three years before the suit brought, would warrant an implication of indebtedness, and a promise to pay, upon which indebitatus assumpsit would lie, yet, an admission of a conversion within three years, will not take the case out of the operation of the statute of limitations, because, it is not a promise to pay, nor an admission of an ex-” isting debt, but only the admission of a fact, from which ordinarily the law would imply indebtedness, and a consequent promise to pay; but in such case, the indebedtness cannot be raised by implication — it must be expressly admitted, and the law will then imply the promise. Now the defendant in this case, has made no admission of indebtedness — no promise to pay, but only offered ten dollars as a compromise of the claim against him, alledging as a reason, therefor, that the carryall *497 was converted by another without his consent, which so far from admitting his legal liability for the demand is an attempt to protect himself against it.
There is no error in the case, and the judgment must be affirmed.